**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**MEGHAN GRUBER,**                                    **CASE NO.:**

Plaintiff,

vs.

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**

Defendant.

_____/

**COMPLAINT**

**COMES NOW,** the Plaintiff, **Meghan Gruber**, by and through her undersigned attorney, and files this Complaint against the Defendant, **The Prudential Insurance Company of America,** (hereinafter referred to as "**Prudential**"), and states:

1.      This is an action brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. sec. 1001, <u>et seq</u>, to recover benefits due to the Plaintiff under the terms of an ERISA Plan, to enforce rights under the terms of said Plan, and to clarify Plaintiff's rights to benefits under the Plan.

2.      Jurisdiction is conferred on this Court pursuant to Title 29 U.S.C. sec. 1131 (e)(1) and Title 29 U.S.C. sec. 1132 (f).

3.      The acts and omissions hereinafter complained of occurred in Duval County, Florida in the above-titled judicial district.

4.      At all times material hereto, Plaintiff was a resident of Duval County, Florida and was a "participant" in the Plan under ERISA.

5.      At all times material hereto, the Plan was sponsored and administered by entities which were corporations authorized and qualified to do business in the State of Florida and doing business in Florida.

6.      At all times material hereto, Defendant Prudential was the administrator and funding source of long term disability benefits under the Plan.

7.      At all times material hereto, Deutsche Bank Americas Holding Corp. was the Plan Sponsor of the Plan.

8.      At all times material hereto, the Plan was a plan established by the Plan sponsor to provide long term disability benefits to eligible employees of Deutsche Bank Americas Holding Corp. and as such, is an employee welfare benefit plan as defined under and governed by ERISA 29 U.S.C. sec. 1001 et seq.  Said Plan is attached as Exhibit A.

9.      On or about September 19, 2021, Plaintiff became entitled to long term disability benefits under the Plan as a result of disabling medical conditions.

10.      After Plaintiff's application under the Plan for long term disability benefits, Plaintiff was denied long term disability benefits under the Plan.

11.      Plaintiff has been damaged in that Plaintiff has been denied payment of long term disability benefits to which Plaintiff is entitled under the terms of the Plan.

12.      Plaintiff has exhausted any and all administrative remedies provided under the Plan.

13.   Plaintiff has been required to obtain the services of the undersigned attorney, and the undersigned attorney is entitled to payment of a reasonable attorneys fee.  The Court may award a reasonable attorneys fee pursuant to 29 U.S.C.sec.1132(g)(1)

WHEREFORE, Plaintiff demands judgment against the Defendant for payment of long term disability benefits due and owing under the Plan, plus interest, costs, and payment of attorneys fees.

DATED THIS 31st day of January 2024.

FARRELL DISABILITY LAW

_____
Thomas M. Farrell, IV, Esquire
Florida Bar No.: 972347
Attorney for Plaintiff
2319 Oak Street
Jacksonville, Florida 32204
Telephone: (904) 388-8870
Fax: (904) 339-9590
E-mail:tom@tfarrellpa.com